**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

        v.                                                               **Criminal Action No. 2:10cr8**

**DOYLE J. LANTZ,**
       **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Doyle J. Lantz, in person and by counsel, Belinda Haynie, appeared before me on September 13, 2010. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Counts Nine and Ten of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. While summarizing the agreement, the AUSA noted a typographical error in paragraph stating that Defendant could appeal a sentence greater than a level 30. Instead, that provision should have stated he could appeal any sentence at a level of 30 or less. The change had been made and initialed by Defendant and his counsel, as well as AUSA Warner. Defendant then stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he

voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Doyle J. Lantz, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Counts Nine and Ten of the Indictment, including the elements the United States would have to prove at trial, charging him with being an unlawful drug user in possession of firearms, and possession of materials used in the manufacture of methamphetamine.

The undersigned then reviewed with Defendant Counts Nine and Ten of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Counts Nine and Ten of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be

2

imposed upon his conviction or adjudication of guilty on the charge in Count Nine was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of not more than three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing.

Defendant further understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty of the charge in Count Ten was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of not more than three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing.

He also understood that his sentence could be increased if he had prior state or federal firearm offense conviction, violent felony conviction, or prior drug offense conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his conditional waiver of appellate rights as follows:

Ct: Did you and your lawyer discuss that you have a right to appeal any sentence that is imposed to the Fourth Circuit Court of Appeals within 14 days following the Judge's oral pronouncement of that sentence?

Def: Yes.

Ct: Did you and your lawyer also discuss that you may have the right to collaterally attack or challenge the sentence using a writ of habeas corpus-type motion under 28 USC section 2255?

Def: Yes.

Ct: Did you understand that under paragraph 15 of your plea agreement if the actual sentence you receive is equal to a guideline calculated sentence with a guideline level of 30 or less you give up your right to directly appeal and you give up your right to collaterally challenge that sentence?

Def: Yes.

Ct: Counsel, paragraph 15 is a combined sentence waiver, in other words, it applies in the aggregate to both counts, is that correct?

AUSA: That is correct.

Ct: Is that also your understanding counsel?

Ms. Haynie: It is, your honor.

Ct: Very good, I just wanted to make that clear, since it wasn't specifically spelled out. Did you intend to give up your direct appeal rights and your collateral attack rights as outlined in your plea agreement?

Def: Yes, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the written plea bargain agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated August 26, 2010, and signed by him on August 27, 2010, and determined the entry into said written plea bargain agreement was

4

both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charges contained in Counts Nine and Ten of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felonies charged under Counts Nine and Ten of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be have the right to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

5

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea.. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court then heard the testimony of Upshur County Deputy Sheriff Troy Brady, who testified he was involved in the investigation of Defendant. On May 27, 2010, officers executed a search warrant at Defendant's residence, finding ephedrine, guns, Draino, spent shell casings, blister packs of sudafed in the stove, and a smoking jug. The smoking jug had Draino and salt inside. Deputy Brady testified he was familiar with the products as being used in the manufacture of methamphetamine. The drain cleaner was the same as that purchased by co-defendant Danielle Bennett at WalMart that same day, as indicated by a tag on the back of the bottle, which matched one sold by WalMart. WalMart provided a video showing Bennett purchasing the drain cleaner. Photos of Defendant's residence showed Defendant holding the smoking jug. He was with Danielle Bennett, who just pleaded guilty to count ten of the same indictment, as well as co-defendants Floyd Edwards and Tammy Bice. Tammy Bice was interviewed and said that Defendant cooked methamphetamine. He also interviewed Defendant, who said he used methamphetamine, although he may have said he was trying to quit.

Deputy Brady also testified that pursuant to the search the 8 guns identified in the forfeiture count of the indictment were found in Defendant's residence.

The Court took note that none of the firearms identified in the indictment were manufactured in West Virginia.

Defendant stated he heard, understood, and agreed with Deputy Brady's testimony. Thereupon, Defendant, Doyle J. Lantz, with the consent of his counsel, Belinda Haynie, proceeded to enter a verbal plea of **GUILTY** to the felony charges contained in Counts Nine and Ten of the Indictment.

The undersigned United States Magistrate Judge concludes the offenses charged in Counts Nine and Ten of the Indictment are supported by an independent basis in fact concerning each of the essential elements of each offense. That independent basis is provided by the testimony of Deputy Brady.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Counts Nine and Ten of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed; Defendant made a knowing and voluntary plea of guilty to Counts Nine and Ten of the Indictment; and Defendant's plea is independently supported by the testimony of Deputy Brady, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charges contained Counts Nine and Ten of the Indictment and recommends he be adjudged guilty on said charges as contained in Counts Nine and Ten of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

At the conclusion of the plea hearing, Defendant moved to be released to Bannum House pending sentencing. The Court adjourned the hearing until the next day, September 14, in order that the Pretrial Services Officer could determine whether there was a bed available at Bannum House. On September 14, 2010, the Court reconvened the hearing, with Defendant, his counsel, and AUSA Warner appearing. The Court advised the parties that, having pled guilty, Defendant would need to show the Court by clear and convincing evidence that he was not a flight risk or a danger to the community. The Court heard the testimony of Defendant, under oath.

Upon consideration of all which, and for reasons apparent on the record, the Court finds Defendant has not met his burden under 3143(a) of providing clear and convincing evidence that he would not be a danger to the community if released. Defendant's motion for release to Bannum House pending sentencing is therefore **DENIED**.

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: September 16, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE